**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **SECURITYPROFILING, LLC,** | |
| **Plaintiff,** | **Civil Action No. 6:23-CV-14-ADA-DTG** |
| **v.** | |
| **FORCEPOINT LLC** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Local Rule 15(a), and in response to Forcepoint LLC's 12(b)(6) motion to dismiss (Dkt. No. 16) Plaintiff SecurityProfiling, LLC hereby files this First Amended Complaint against Defendant Forcepoint LLC, all upon information and belief, as follows:

### THE PARTIES

1.      Plaintiff SecurityProfiling, LLC ("Plaintiff" or "SecurityProfiling") is a limited liability company organized and existing under the laws of the State of Texas, having its principal office at 3105 Media Drive, Cedar Park, Texas 78641.

2.      Defendant Forcepoint LLC ("Forcepoint") is a Delaware Limited Liability Company.  Forcepoint's headquarters and principal place of business is within this District and is located at 10900-A Stonelake Blvd., Quarry Oaks 1, Suite 350, Austin, TX 78759.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has general and specific personal jurisdiction over Forcepoint by virtue of Forcepoint's regular and established places of business in this District, and continuous and systematic business activities in this State, directly or through intermediaries, which activities give rise to at least a portion of the infringements alleged herein and include: (i) making, using, offering for sale and/or selling the below identified infringing apparatus in this State, and/or importing the below identified infringing products into this State; (ii) purposefully and voluntarily placing the below identified infringing apparatus into the stream of commerce with the expectation that they will be purchased by consumers in this State; and/or (iii) deriving substantial revenue from the below identified infringing products provided to individuals in this State.

5.      Venue is proper in this district and division under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Forcepoint has committed acts of infringement in the Western District of Texas and Forcepoint is headquartered and has a regular and established places of business in this District.

## GENERAL ALLEGATIONS

6.      SecurityProfiling is the successor in interest to SecurityProfiling Inc. of West Lafayette, Indiana.  In around the years 2002 and 2003, SecurityProfiling Inc. had developed a series of novel enterprise Anti-Vulnerability™ security systems.  It was in the forefront of anti-vulnerability technology that provided for multi-path remediation.  The system was widely and favorably reported.  The Anti-Vulnerability platform provided novel and best practice security

policy compliance and enforcement capabilities to proactively and remotely manage and enforce standardized templates or custom enterprise security compliance policies.   The system's logic engine identified each client's vulnerabilities, exposures and out-of-compliance policy parameters upon each polling cycle.   It then mitigated or remediated the vulnerabilities using the best-possible options, including patches, policy changes, disabling a service, modifying permissions or making registry changes, for example.   Moreover, the network administrators had the choice to select among available remediation options.   SecurityProfiling Inc.'s system included SysUpdate, Intelligent IDS v1.0, which was an Anti-Vulnerability plugin for Snort IDS that provides intelligence, accuracy, and remote patching functions; Intelligent IPS v1.0, which accurately identified and prevented malicious code from reaching their destination; and LogBoss v2.1, which was an easy to use network log manager that securely transfers and archives all network logs (security, application, & system) in real time into a single, centralized database.

7.      On July 1, 2003, SecurityProfiling Inc. filed a patent application directed to the above inventions, Serial Number 60/484085.   From that original application, the United States Patent and Trademark Office has issued a series of patents, including the patents here in suit.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,154,055

8.      Plaintiff hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-7 and incorporates them by reference.

9.      SecurityProfiling is the owner by assignment of United States Patent No. 10,154,055 entitled "Real-Time Vulnerability Monitoring" ("the '055 Patent").   The '055 Patent was duly and legally issued on December 11, 2018.   A true and correct copy of the '055 Patent is attached as Exhibit 1.

- 3 -

10.     Pursuant to 35 U.S.C. § 282, the '055 Patent is presumed valid.

11.     A predecessor of the '055 Patent, Pat. 8,984,644, was involved in a proceeding before the Patent and Trial Appeal Board ("PTAB") of United States Patent and Trademark Office ("USPTO"), IPR2017-02192 ("IPR Proceeding").  In a Final Written Decision dated April 8, 2019, the PTAB held that claims 1, 7, and 14 of the '644 patent were unpatentable.  SecurityProfiling appealed the decision to the Federal Circuit Court of Appeals.  The Court upheld the PTAB decision without any opinion under Rule 36 of the Federal Circuit Rules of Procedures.

12.     SecurityProfiling disclosed the IPR Proceeding to the USPTO during the prosecution of the '055 Patent, and specifically disclosed that an adverse Final Written Decision had been entered, which SecurityProfiling was appealing.

13.     The asserted claims of the '055 Patent are materially different from the claims that had been considered in the IPR Proceeding.  As one critical example, the PTAB's decision rested entirely on its determination that the "user option" limitation found in the prior '644 Patent claims was not supported by any prior application leading to the '644 Patent.  The asserted claims of the '055 Patent do not include a "user option" limitation.  Thus, the Final Written Decision in the IPR Proceeding is irrelevant to the asserted claims of the '055 Patent.

14.     Further, the claims are not abstract and are patent-eligible under 35 U.S.C. §101. The eligibility of the patent claims is supported by the prosecution history of the '066 Patent.

15.     Forcepoint has directly infringed and continues to infringe under 35 U.S.C. §271(a) at least claims 7, 10, 12 and 20 of the '055 Patent by making, using and marketing Forcepoint's Next-Gen Firewall.

16.     A comparison of claims 7, 10, 12, and 20 of the '055 Patent to Forcepoint's Next-Gen Firewall is attached as Exhibit 6, which is incorporated herein by reference.

17. Forcepoint was and/or is on notice of the '055 patent and its infringement thereof at least as early as the filing of the Complaint (Dkt. No. 1).

18. Forcepoint's acts of infringement have caused and continues to cause damage to SecurityProfiling. SecurityProfiling is entitled to recover from Forcepoint the damages sustained by SecurityProfiling as a result of Forcepoint's wrongful acts.

## COUNT II

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,547,631

19. SecurityProfiling hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-18 and incorporates them by reference.

20. SecurityProfiling is the owner by assignment of United States Patent No. 10,547,631 entitled "Real-Time Vulnerability Monitoring" ("the '631 Patent"). The '631 Patent was duly and legally issued on January 28, 2020. A true and correct copy of the '631 Patent is attached as Exhibit 2.

21. Pursuant to 35 U.S.C. § 282, the '631 Patent is presumed valid.

22. A predecessor of the '631 Patent, Pat. 8,984,644, was involved in a proceeding before the Patent and Trial Appeal Board ("PTAB") of United States Patent and Trademark Office ("USPTO"), IPR2017-02192 ("IPR Proceeding"). In a Final Written Decision dated April 8, 2019, the PTAB held that claims 1, 7, and 14 of the '644 patent were unpatentable. SecurityProfiling appealed the decision to the Federal Circuit Court of Appeals. The Court upheld the PTAB decision without any opinion under Rule 36 of the Federal Circuit Rules of Procedures.

23. The asserted claims of the '631 Patent are materially different from the claims that had been considered in the IPR Proceeding. As one critical example, the PTAB's decision rested entirely on its determination that the "user option" limitation found in the prior '644 Patent claims

was not supported by any prior application leading to the '644 Patent.  The asserted claims of the '631 Patent do not include a "user option" limitation.  Thus, the Final Written Decision in the IPR Proceeding does not render invalid the asserted claims of the '631 Patent.

24.     The claims of the '631 Patent are not abstract and are patent-eligible under 35 U.S.C. §101.  The eligibility of the '631 Patent claims is further supported by the prosecution history of the '066 Patent.

25.     Forcepoint has directly infringed and continues to infringe under 35 U.S.C. §271(a) at least claims 6, 9 and 11 of the '631 Patent by making, using and marketing Forcepoint Next-Gen Firewall.

26.     A comparison of claims 6, 9 and 11 of the '631 Patent to Forcepoint Next-Gen Firewall systems is attached as Exhibit 7, which is incorporated herein by reference.

27.     Forcepoint was and/or is on notice of the '631 patent and its infringement thereof at least as early as the filing of the Complaint (Dkt. No. 1).

28.     Forcepoint's acts of infringement have caused and continues to cause damage to SecurityProfiling.  SecurityProfiling is entitled to recover from Forcepoint the damages sustained by SecurityProfiling as a result of Forcepoint's wrongful acts.

## COUNT III

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,075,466

29.     SecurityProfiling hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-28 and incorporates them by reference.

30.     SecurityProfiling is the owner by assignment of United States Patent No. 10,075,466 entitled "Real-Time Vulnerability Monitoring" ("the '466 Patent").  The '466 Patent was duly and legally issued on September 11, 2018.  A true and correct copy of the '466 Patent is

attached as Exhibit 3.

31.     Pursuant to 35 U.S.C. § 282, the '466 Patent is presumed valid.

32.     A predecessor of the '466 Patent, Pat. 8,984,644, was involved in a proceeding before the Patent and Trial Appeal Board ("PTAB") of United States Patent and Trademark Office ("USPTO"), IPR2017-02192 ("IPR Proceeding").  In a Final Written Decision dated April 8, 2019, the PTAB held that claims 1, 7, and 14 of the '644 patent were unpatentable.  SecurityProfiling appealed the decision to the Federal Circuit Court of Appeals.  The Court upheld the PTAB decision without any opinion under Rule 36 of the Federal Circuit Rules of Procedures.

33.     The asserted claims of the '466 Patent are materially different from the claims that had been considered in the IPR Proceeding.  As one critical example, the PTAB's decision rested entirely on its determination that the "user option" limitation found in the prior '644 Patent claims was not supported by any prior application leading to the '644 Patent.  The asserted claims of the '466 Patent do not include a "user option" limitation.  Thus, the Final Written Decision in the IPR Proceeding does not render invalid the asserted claims of the '466 Patent.

34.     The claims of the '466 Patent are not abstract and are patent-eligible under 35 U.S.C. §101.  The eligibility of the '466 Patent claims is further supported by the prosecution history of the '066 Patent.

35.     Forcepoint has directly infringed and continues to infringe under 35 U.S.C. §271(a) at least claims 6, 9, 11 and 13 of the '466 Patent by making, using and marketing Forcepoint Next-Gen Firewall.

36.     A comparison of claims 6, 9, 11 and 13 of the '466 Patent to Forcepoint Next-Gen Firewall systems is attached as Exhibit 8, which is incorporated herein by reference.

37.     Forcepoint was and/or is on notice of the '466 patent and its infringement thereof

at least as early as the filing of the Complaint (Dkt. No. 1).

38.     Forcepoint's acts of infringement have caused and continues to cause damage to SecurityProfiling.  SecurityProfiling is entitled to recover from Forcepoint the damages sustained by SecurityProfiling as a result of Forcepoint's wrongful acts.

### COUNT IV

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,118,711

39.     SecurityProfiling hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-38 and incorporates them by reference.

40.     SecurityProfiling is the owner by assignment of United States Patent No. 9,118,711 entitled "Anti-Vulnerability System, Method, and Computer Program Product" ("the '711 Patent").  The '711 Patent was duly and legally issued on August 25, 2015.  A true and correct copy of the '711 Patent is attached as Exhibit 4.

41.     Pursuant to 35 U.S.C. § 282, the '711 Patent is presumed valid.

42.     A predecessor of the '711 Patent, Pat. 8,984,644, was involved in a proceeding before the Patent and Trial Appeal Board ("PTAB") of United States Patent and Trademark Office ("USPTO"), IPR2017-02192 ("IPR Proceeding").  In a Final Written Decision dated April 8, 2019, the PTAB held that claims 1, 7, and 14 of the '644 patent were unpatentable.  SecurityProfiling appealed the decision to the Federal Circuit Court of Appeals.  The Court upheld the PTAB decision without any opinion under Rule 36 of the Federal Circuit Rules of Procedures.

43.     The asserted claims of the '711 Patent are materially different from the claims that had been considered in the IPR Proceeding.  As one critical example, the PTAB's decision rested entirely on its determination that the "user option" limitation found in the prior '644 Patent claims was not supported by any prior application leading to the '644 Patent.  The asserted claims of the

'711 Patent do not include a "user option" limitation.  Thus, the Final Written Decision in the IPR Proceeding does not render invalid the asserted claims of the '711 Patent.

44.     The claims of the '711 Patent are not abstract and are patent-eligible under 35 U.S.C. §101.  The eligibility of the '711 Patent claims is further supported by the prosecution history of the '066 Patent.

45.     Forcepoint has directly infringed and continues to infringe under 35 U.S.C. §271(a) at least claims 1-3, 7-10 and 17 of the '711 Patent by making, using and marketing Forcepoint Next-Gen Firewall.

46.     A comparison of claims 1-3, 7-10 and 17 of the '711 Patent to F Forcepoint Next-Gen Firewall systems is attached as Exhibit 9, which is incorporated herein by reference.

47.     Forcepoint was and/or is on notice of the '711 patent and its infringement thereof at least as early as the filing of this Complaint.

48.     Forcepoint's acts of infringement have caused and continues to cause damage to SecurityProfiling.  SecurityProfiling is entitled to recover from Forcepoint the damages sustained by SecurityProfiling as a result of Forcepoint's wrongful acts.

**COUNT V**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,100,431**

49.     SecurityProfiling hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-48 and incorporates them by reference.

50.     SecurityProfiling is the owner by assignment of United States Patent No. 9,100,431 entitled "Computer Program Product And Apparatus For Multi-Path Remediation" ("the '431 Patent").  The '431 Patent was duly and legally issued on August 4, 2015.  A true and correct copy of the '431 Patent is attached as Exhibit 5.

51.     Pursuant to 35 U.S.C. § 282, the '431 Patent is presumed valid.

52.     A predecessor of the '431 Patent, Pat. 8,984,644, was involved in a proceeding before the Patent and Trial Appeal Board ("PTAB") of United States Patent and Trademark Office ("USPTO"), IPR2017-02192 ("IPR Proceeding").  In a Final Written Decision dated April 8, 2019, the PTAB held that claims 1, 7, and 14 of the '644 patent were unpatentable.  SecurityProfiling appealed the decision to the Federal Circuit Court of Appeals.  The Court upheld the PTAB decision without any opinion under Rule 36 of the Federal Circuit Rules of Procedures.

53.     The asserted claims of the '431 Patent are materially different from the claims that had been considered in the IPR Proceeding.  As one critical example, the PTAB's decision rested entirely on its determination that the "user option" limitation found in the prior '644 Patent claims was not supported by any prior application leading to the '644 Patent.  The asserted claims of the '431 Patent do not include a "user option" limitation.  Thus, the Final Written Decision in the IPR Proceeding does not render invalid the asserted claims of the '431 Patent.

54.     The claims of the '431 Patent are not abstract and are patent-eligible under 35 U.S.C. §101.  The eligibility of the '431 Patent claims is further supported by the prosecution history of the '066 Patent.

55.     Forcepoint has directly infringed and continues to infringe under 35 U.S.C. §271(a) at least claims 3, 13, 19 and 20 of the '431 Patent by making, using and marketing Forcepoint DLP Endpoint, Forcepoint Next-Gen Firewall,  Forcepoint ONE (including, but not limited to Forcepoint ONE SSE, CASB, ZTNA, SWG, RBI, ZT CDR, etc.), Forcepoint Risk-Adaptive Protection and Forcepoint Secure SD-WAN .

56.     Comparisons of claims 3, 13, 19 and/or 20 of the '431 Patent to Forcepoint DLP Endpoint, Forcepoint Next-Gen Firewall,  Forcepoint ONE (including, but not limited to

Forcepoint ONE SSE, CASB, ZTNA, SWG, RBI, ZT CDR, etc.), Forcepoint Risk-Adaptive Protection and Forcepoint Secure SD-WAN are attached as Exhibits 10-14, which is incorporated herein by reference.

57.     Forcepoint was and/or is on notice of the '431 patent and its infringement thereof at least as early as the filing of the Complaint.

58.     Forcepoint's acts of infringement have caused and continues to cause damage to SecurityProfiling.  SecurityProfiling is entitled to recover from Forcepoint the damages sustained by SecurityProfiling as a result of Forcepoint's wrongful acts.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter:

a.   A judgment in favor of Plaintiff that Forcepoint has infringed Patents 10,154,055, 10,547,631, 10,075,466, 9,100,431 and 9,118,711;

b.   A judgment and order requiring Forcepoint to pay Plaintiff its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Forcepoint's infringement of Patents 10,154,055, 10,547,631, 10,075,466, 9,100,431 and 9,118,711, as provided under 35 U.S.C. § 284;

c.   Judgment that this is an exceptional case, and, thus, awarding attorney fees and expenses to Plaintiff; and

d.   Any and all other relief to which the Court may deem Plaintiff entitled.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.

Dated: June 20, 2023                    **BUSS & BENEFIELD, PLLC**

By: */s/ Michael A. Benefield*
Michael Benefield
State Bar No. 24073408
michael@bussbenefield.com
Brian Buss
State Bar No. 00798089
brian@bussbenefield.com
8202 Two Coves Drive
Austin, Texas 78730
Phone: 512-619-4451
Fax: 1-844-637-365

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service on June 20, 2023.

/s/ Michael A. Benefield
Michael A. Benefield